In the Matter of WILLIAM H. YOUNG et al., Individually and as Copartners Doing Business under the Name of ADAMS & PORTER, Petitioners, against GEORGE M. BRAGALINI et al., Constituting the State Tax Commission of the State of New York, Respondents.

In the Matter of WILLIAM H. YOUNG, Petitioner, against GEORGE M. BRAGALINI et al., Constituting the State Tax Commission of the State of New York, Respondents.

In the Matter of JOHN ADAMS, Petitioner, against GEORGE M. BRAGALINI et al., Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, December 20, 1956.

*Robert M. Benjamin, Frank A. Zunino, Jr.,* and *Sidney D. Rosoff* for petitioners.

*Jacob K. Javits, Attorney-General (Robert W. Bush* and *James O. Moore, Jr.,* of counsel), for respondents.

*Per Curiam.* The firm of Adams & Porter is a New York partnership. The problem presented is whether income received by it from enterprises in Texas and in Brazil are subject to unincorporated business taxes in New York. The statute (Tax Law, § 386-g) provides that where an unincorporated business " is carried on " outside the State as well as within it, " the net income therefrom shall be apportioned so as to allocate to the state on a fair and equitable basis a proportion " of such income.

The crux of the controversy is whether some of the business of Adams & Porter was " carried on " in Texas and in Brazil. As to the Texas interests, the finding of the Tax Commission is that the firm " itself did not maintain any office or carry on busi-

ness without the State of New York" during the period in dispute.

Prior to 1932 Adams & Porter carried on an insurance agency and brokerage business in New York and elsewhere, including the State of Texas. In 1931, Texas enacted a statute requiring that business of the kind the New York firm had been conducting there be carried on only by licensed agents who must be residents of Texas.

On April 20, 1932 the articles of partnership were amended by an agreement in which the three partners then constituting the firm of Adams & Porter sold and assigned the business carried on in Texas to one of their number who was a resident of Texas. The agreement dissolved the firm as far as the Texas business was concerned. A new firm was organized in Texas, called Adams & Porter, Houston, with the partner who resided in Texas then becoming the only member of the new Texas firm. Membership in both firms has since been increased; but while the Texas firm members are members of the New York firm, only residents of Texas are members of the Texas firm. It is abundantly established in the record before the commission that the purpose of these arrangements was to conform with the 1931 Texas law.

It has been established in the record that a portion of the Texas business, which is all that is in issue here, is derived through the New York firm; that the Texas firm recognizes that the New York firm is entitled to participate in its profits, and that the Texas firm never acts independently of the New York firm on important matters but submits them to the New York firm for approval and agreement.

Nevertheless, there was evidence before the commission substantial enough to warrant its finding that the Texas business was not "carried on" by the New York firm. The agreement dissolving the firm for the purposes of the Texas enterprises, establishing the new firm, and segregating the partnership structures for the purposes of prosecuting the Texas business by the Texas firm in place of the New York firm, makes it quite possible to determine, as the commission has done, that the New York firm is not carrying on the Texas business.

There is more to the question than merely that the Texas law requires this kind of business be done by Texas residents. The essential point is how the parties have actually acted in prosecuting the business, and while it may be argued in the light of the over-all interests and supervision of the New York firm that despite the Texas law it is carrying on business in Texas, it is

not unreasonable to construe otherwise the actual course of action of the two firms, as the commission has done, and to determine that the New York partnership has so divorced itself of operation in Texas to conform with the Texas statute that in actuality it is no longer " carrying on business " there within the scope of section 386-g.

The other part of the first proceeding, based on the interest of the New York partnership in a Brazil enterprise is essentially the same in principle as that governing the Texas enterprise, although the business structure in Brazil used in the enterprise is legally somewhat different. The finding in respect of this enterprise is not as explicit as that relating to Texas, but the commission has found that the partnership " itself was unable to " carry on business in its own name in Brazil because of the laws of that country and " that pursuant to such   *   *   *   law, a separate legal entity   *   *   *   was formed " from which the New York firm received income.

We think a fair reading of this finding in connection with the facts appearing earlier in the findings is that the New York firm did not carry on business in Brazil within the intent of the New York statute.

The income tax proceedings of the two individual members of the firm, Young and Adams, as nonresidents, are governed by the same principles under different provisions of statute as those governing the proceedings by the firm.

The determinations should be confirmed, with $50 costs to respondents.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur; COON, J., taking no part.

Determinations confirmed, with $50 costs to respondents.